CHRISTOPHER M. PISANO, Bar No. 192831
christopher.pisano@bbklaw.com
DANA M. VESSEY, Bar No. 280798
dana.vessey@bbklaw.com
BEST BEST & KRIEGER LLP
300 South Grand Avenue, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 617-8100
Fax: (213) 617-7480

Attorneys for Defendants
CITY OF COLTON and
JACK MORENBERG

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD J. COLLINS,<br><br>                Plaintiff,<br><br>        v.<br><br>CITY OF COLTON, CALIFORNIA, a public entity; JACK MORENBERG, an individual; SCOTT CHADWICK, an individual; and DOES 1 through 30, inclusive,<br><br>                Defendants. | Case No.  5:15-cv-2470<br><br>**DEFENDANT CITY OF COLTON AND JACK MORENBERG'S NOTICE OF ERRATA RE FILING OF NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§1331,1441, AND 1446** |

23152.04295\22312740.2

# NOTICE OF ERRATA

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants CITY OF COLTON and JACK MORENBERG ("Defendants") hereby correct the Notice of Removal of Civil Action Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 ("Notice") [Dkt. 1] which was e-filed on December 3, 2015.  The Notice was inadvertently missing Exhibits A-C.  Accordingly, a complete Notice along with its Exhibits is attached hereto as Exhibit "A".


Dated:        December 3, 2015        BEST BEST & KRIEGER LLP


                                      By: */s/  Dana M. Vessey*
                                      CHRISTOPHER M. PISANO
                                      DANA M. VESSEY
                                      Attorneys for Defendant
                                      CITY OF COLTON and
                                      JACK MORENBERG

LAW OFFICES OF
BEST BEST & KRIEGER LLP
300 SOUTH GRAND AVENUE, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90071

# EXHIBIT A

1  CHRISTOPHER M. PISANO, Bar No. 192831
   christopher.pisano@bbklaw.com
2  DANA M. VESSEY, Bar No. 280798
   dana.vessey@bbklaw.com
3  BEST BEST & KRIEGER LLP
   300 South Grand Avenue, 25th Floor
4  Los Angeles, CA 90071
   Telephone: (213) 617-8100
5  Fax: (213) 617-7480

6  Attorneys for Defendants
   CITY OF COLTON and
7  JACK MORENBERG

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11

12  RONALD J. COLLINS,                  Case No.  5:15-cv-2470

13          Plaintiff,                  **NOTICE OF REMOVAL OF CIVIL
                                        ACTION PURSUANT TO 28 U.S.C.
14     v.                               §§1331, 1441, AND 1446**

15  CITY OF COLTON, CALIFORNIA, a
    public entity; JACK MORENBERG,
16  an individual; SCOTT CHADWICK,
    an individual; and DOES 1 through
17  30, inclusive,

18          Defendants.

19

20

21

22

23

24

25

26

27

28

TO THE CLERK OF THE ABOVE-CAPTIONED COURT:

PLEASE TAKE NOTICE that Defendants City of Colton and Jack Morenberg hereby remove to this Honorable Court the state-court action described below.

1. On October 8, 2015, this action was commenced by Plaintiff Ronald Collins ("Plaintiff") in the Superior Court of the State of California in and for the County of San Bernardino entitled *Ronald J. Collins v. City of Colton, California, a public entity; Jack Morenberg, an individual; Scott Chadwick, an individual; and DOES 1 through 30, inclusive*. The suit was assigned case number CIVDS1514891 by the San Bernardino County Superior Court. A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2. The first date upon which Defendant City of Colton received a copy of said Complaint was November 5, 2015, when a copy of the Complaint was served on the City Clerk along with a Summons from the state court for each Defendant City of Colton and Defendant Jack Morenberg. A true and correct copy of the state court Summons for Defendant City of Colton is attached hereto as **Exhibit B**, and a true and correct copy of the state court Summons for Defendant Jack Morenberg is attached hereto as **Exhibit C**.

3. This Court has original jurisdiction under 28 U.S.C. section 1331 and removal jurisdiction under 28 U.S.C. section 1441(b), in that it arises under 42 U.S.C. Section 1983 and the Fourth Amendment of the United States Constitution.

4. Defendant Scott Chadwick is not a party to the removable cause of action against Defendants City of Colton and Jack Morenberg for a violation of Plaintiff's constitutional rights under 42 U.S.C. Section 1983 and the Fourth Amendment of the United States Constitution. Defendants City of Colton and Jack Morenberg, who jointly remove this case, are unaware as to whether the third defendant in this action, Defendant Scott Chadwick, has been served in this action.

5. Although removing Defendants City of Colton and Jack Morenberg

LAW OFFICES OF
BEST BEST & KRIEGER LLP
300 SOUTH GRAND AVENUE, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90071

note that the first cause of action is mistakenly asserted against "All Defendants" (*see* Complaint), this is certainly a typographical error as Scott Chadwick is not a government official as reflected by the express factual allegations of the Complaint. Accordingly, removing Defendants City of Colton and Jack Morenberg are the only defendants as to the removable cause of action.

WHEREFORE, removing Defendants respectfully remove this action from the Superior Court of California, in and for the County of San Bernardino, to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.  Should any question arise as to the propriety of this removal, Defendants respectfully request an opportunity to provide briefing and oral argument.

RESPECTFULLY SUBMITTED this 3rd day of December, 2015.

Dated:           December 3, 2015           BEST BEST & KRIEGER LLP


By: */s/  Dana M. Vessey*
CHRISTOPHER M. PISANO
DANA M. VESSEY
Attorneys for Defendant
CITY OF COLTON and
JACK MORENBERG

LAW OFFICES OF
BEST BEST & KRIEGER LLP
300 SOUTH GRAND AVENUE, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90071

EXHIBIT A

1 | RENÉ KORPER (#115947)
THOMAS E. H. SOLMER (#271408)
2 | **LAW OFFICES OF RENÉ KORPER**
27240 Turnberry Lane, Suite 200
3 | Valencia, California 91355
(661) 362-0728
4 | (661) 362-0729 (fax)

5

6 | Attorneys for Plaintiff
**RONALD J. COLLINS**

7

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | FOR THE COUNTY OF SAN BERNARDINO, CENTRAL DISTRICT CIVIL DIVISION

10

11 | RONALD J. COLLINS,

Case No.: CIVDS1514891

12 | Plaintiff,

13 | vs.

CIVIL COMPLAINT FOR:

14 | CITY OF COLTON, CALIFORNIA, a public entity;

(1) VIOLATION OF CIVIL RIGHTS UNDER THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION—42 U.S.C. § 1983

15 | JACK MORENBERG, an individual;
SCOTT CHADWICK, an individual; and
16 | and DOES 1 through 30, inclusive,

(2) MALICIOUS PROSECUTION

17 | Defendants.

18

19

20 | Plaintiff Ronald J. Collins hereby alleges as follows:

21 | **GENERAL ALLEGATIONS**

22 | **COMMON TO ALL CAUSES OF ACTION**

23 |        1.      Collins is an individual, presently residing in the city of Palmdale, California, and

24 | formerly residing in the city of Mobile, Alabama.

25 |        2.      At all relevant times hereto, Collins was temporarily residing in Norco, California,

26 | county of San Bernardino.

27 |        3.      Defendant City of Colton, California (hereinafter, "Colton") is a local public entity

28 | in San Bernardino County, California.

**COPY**

4. Defendant Jack Morenberg (hereinafter, "Morenberg") is an individual who, based upon Collins's information and belief, is a resident of California.

5. Defendant Scott Chadwick (hereinafter, "Chadwick") is an individual who, based upon Collins's information and belief, is a resident of California.

6. a) The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants Does 1 through 30, inclusive, are unknown to Collins who therefore sues these Defendants by such fictitious names, and Collins will seek leave to amend this Complaint to set forth their true names and capacities when he has ascertained them.

b) Collins is informed and believes, and thereon alleges, that each of the Defendants designated herein as a "Doe" is responsible in some manner for the events and happenings herein referred to and caused injury and damage to Collins as herein alleged.

7. Collins is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants, and each of them, were the agents, servants, and employees of each of their Co-Defendants, or acted with awareness of the acts of each other as described herein and agreed that such acts would be committed.

8. Morenberg is a peace officer with the Colton Police Department. Colton is Morenberg's employer.

8. On or about April 8, 2013, Collins purchased a used Chevrolet truck from a dealer called Chadwick's Auto Wholesale in Colton, California.

9. Chadwick is the owner of Chadwick's Auto Wholesale.

10. The truck that Collins purchased from Chadwick's Auto Wholesale was defective.

11. Collins hired an attorney to represent him in a lawsuit against Chadwick's Auto Wholesale.

12. Collins is informed and believes that on or about September 10, 2013, Chadwick made a false report to an Officer Smith of the Colton Police Department that Collins had stolen the license plates that were on the truck. Chadwick told Officer Smith that he desired prosecution in connection with his report. Chadwick did not mention anything about bribery or perjury to Officer Smith. The false report to Officer Smith was made by Chadwick in an attempt to intimidate

2

1    Collins into abandoning his cause of action against Chadwick's Auto Wholesale and leave the

2    state for Alabama, his them current domicile.

3         13.   Collins is informed and believes that Officer Smith referred the complaint for

4    further investigation and that the Colton Police Department at that time found no reason to believe

5    a crime had been committed.

6         14.   Frustrated by the failure of his plan to intimidate Collins through his false report to

7    Officer Smith, Collins decided to enlist the aid of Morenberg to dissuade Collins from continuing

8    to pursue his action against Chadwick's Auto Wholesale.

9         15.   Morenberg and Chadwick are acquainted with each other through multiple prior

10   investigations by Morenberg of alleged criminal activity at Chadwick's Auto Wholesale and

11   through their shared avocation of off-roading.

12        16.   Collins is informed and believes that between September 4, 2013, and October 1,

13   2013, Chadwick and Morenberg met and discussed the circumstances surrounding Collins's

14   purchase of the truck and the subsequent dispute between Collins and Chadwick and what could

15   be done about it by the Colton Police Department.

16        17.   In order to get Collins to abandon his legal rights against Chadwick's Auto

17   Wholesale, Morenberg filed a fraudulent police report against Collins, supported by allegations

18   that both Morenberg and Chadwick knew to be false, and forwarded it to the City Attorney for

19   prosecution.

20        18.   As a result of the false report, the City Attorney filed charges against Collins,

21   which lead to the issuance of a warrant for Collins' arrest.

22        19.   In his fraudulent police report, Morenberg accused Collins of burglary for having

23   stolen the license plates from the truck that he had bought from Chadwick's Auto Wholesale.  That

24   allegation was false, and at the time that Morenberg made the report he and Chadwick each knew

25   that it was false.

26        20.   In his police report Morenberg also accused Collins of perjury, for signing a

27   "statement of facts" under oath with untrue statements.  That allegation was false, and at the time

28   that Morenberg made the report he and Chadwick each knew that it was false.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND MALICIOUS PROSECUTION

21.    In his police report Morenberg also accused Collins of attempting to bribe a witness.  That allegation was false, and at the time that Morenberg made the report he knew that it was false.

22.    Collins was subsequently charged by criminal complaint in the San Bernardino Superior Court with bribery, perjury, and burglary, and a warrant was issued for Collins's arrest, with bail set at $70,000.00.

23.    Upon learning that there was an outstanding warrant for his arrest, Collins voluntarily surrendered himself to the San Bernardino Superior Court, where he was placed in custody.

24.    Collins is particularly vulnerable to fright, nervousness, anxiety and worry because of his actual, perceived, and apparent disability, due to traumatic brain injury.

25.    The effect on Collins of being placed into custody was that he was anguished, frightened, nervous, anxious, worried, shocked, humiliated, and ashamed.

26.    Morenberg accused Collins of bribery, perjury, and theft in order to intimidate, frighten, and harass Collins, and to discourage him from pursuing his legal rights against Chadwick, and for the purpose of, or with reckless disregard to the likelihood of, causing shock, humiliation, worry, anxiety, and nervousness to Collins.

27.    There was not probable cause to believe that Collins had committed any crime whatsoever.  Morenberg knew that there were no true facts supporting such probable cause.  No reasonable officer with Morenberg's knowledge would believe that such probable cause existed. Morenberg knew that he did not have probable cause to believe that any of the crimes attributed to Collins were true and that he was violating Collins's civil and Constitutional rights by filing the false police report and by submitting same to the City Attorney's Office.

28.    Morenberg and Chadwick, in taking the actions described herein, acted knowingly, intentionally, and with actual malice, oppression, and fraud.

29.    Morenberg and Chadwick intentionally manufactured, misrepresented, and concealed material facts with the intent to harm Collins.

//

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND MALICIOUS PROSECUTION

30.     The conduct of Morenberg and Chadwick as described herein subjected Collins to cruel and unjust hardship in knowing disregard of Collins's rights.

31.     Morenberg and Chadwick, in taking the actions described herein, acted with intent to cause injury to Collins, and despicably and with a willful and knowing disregard of the rights and safety of Collins.

32.     The conduct of Morenberg and Chadwick was so contemptible that it would be looked down on and despised by reasonable people.

33.     Morenberg's intimidating, threatening, dishonest, and fraudulent conduct as described herein was so offensive that no reasonable person could be expected to bear it.

34.     On or about October 7, 2013, Collins, through his counsel, sent a letter to Sergeant Jim Jolliff, Morenberg's superior at the Colton Police Department, advising of the events surrounding the wrongful actions of Morenbert. Sergeant Jolliff acknowledged receipt of the letter in a call to Collins's counsel and expressed support for Morenberg's actions.

35.     The criminal charges against Collins were dismissed on October 17, 2014 for lack of evidence. The vehicle was subsequently released to Collins by authority of the prosecutor.

36.     Collins is informed and believes that Defendants' actions were done in order to oppress Collins, to retaliate against him for asserting his legal rights, to oppress him from bringing further suit against Chadwick, to inflict emotional distress upon him, to restrict his freedom of movement, to prevent him from exercising his legal rights, and to prejudice his ability to prosecute an ongoing legal dispute.

37.     Collins was injured in an accident about 25 years ago and he appears particularly vulnerable due to highly apparent physical disabilities and a slow pattern of speech of a mentally disabled person.

38.     The filing of a fraudulent police report by Morenberg was not a discretionary act.

39.     No officer with Morenberg's knowledge could reasonably believe that Collins had committed a crime.

40.     Defendant Morenberg is not immune from liability for the acts described herein.

//

5

41. Colton, through its police department and Sergeant Jolliff, knew of the malicious, oppressive, and fraudulent conduct of Morenberg and either authorized that conduct or adopted or approved that conduct after it occurred.

41. Colton, through its police department and Sergeant Jolliff, knew of the malicious, oppressive, and fraudulent conduct of Morenberg and either authorized that conduct or adopted or approved that conduct after it occurred.

42. Morenberg and Chadwick were aware of the acts that each had taken as described herein, and acted pursuant to agreement that such acts would be committed, and specifically that Collins was to be falsely accused of crimes that both Morenberg and Chadwick knew Collins did not commit, based upon false statements by both Morenberg and Chadwick.

43. On April 13, 2015, Collins filed a Government Claims Form to the City of Colton, City Clerk's Office, requesting relief for the acts described herein, including a description of the facts which gave rise to the claim and the damages sought and all other information required by Government Code section 910 *et seq.*, against the Colton Police Department and Jack Morenberg.

44. No action on the claim was taken by the City of Colton.

## FIRST CAUSE OF ACTION

(Violation of Civil Rights under the Fourth Amendment of the United States Constitution against All Defendants—42 U.S.C. § 1983)

45. Collins realleges paragraphs 1-44 and incorporates them herein as if set forth in full.

46. Collins has the right, under the Fourth and Fourteenth Amendments to the United States Constitution, to be free from unreasonable seizures.

47. Defendants intentionally and wrongfully caused an arrest warrant to be issued against Collins with knowledge that Collins had committed no crime.

48. In doing the acts described herein, Defendants were acting or purporting to act in the furtherance of their official duties.

//

6

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND MALICIOUS PROSECUTION

1       49.   In doing the acts described herein, Defendants' conduct violated Collins' right to

2   be free from unreasonable searches.

3       50.   The City of Colton had a policy not to investigate the accuracy of its police officers'

4   police reports even if made aware of an allegation that the report contained information that is false,

5   as here where Sergeant Jolliff was informed by Collins' attorney that Morenberg's allegations

6   against Collins were false but did nothing to verify the accuracy of said allegations.

7       51.   Collins was harmed by the acts of Defendants as described herein, including that he

8   suffered severe emotional distress, physical symptoms caused by the emotional distress, loss of the

9   freedom, impairment of his ability to prosecute a civil lawsuit, and anxiety caused by being charged

10  with felonies that he did not commit.

11      52.   Collins was further harmed by the acts of Defendants as described herein because he

12  was imprisoned overnight, had to pay to post bail, had to obtain legal counsel to successfully defend

13  him against the false charges, had to pay other expenses of the defense such as investigation, had to

14  remain in California while the charges were pending rather than return to his home in Alabama, and

15  incurred medical bills for the impact of the emotional distress, among other damages.

16      53.   The acts of Defendants as described herein were substantial factors in causing

17  Collins' harm, because each of the harms described were a direct consequence of the false

18  accusations by Chadwick, Morenberg's false police report, the Colton Police department's failure to

19  investigate allegations of Morenberg's false police report, and, consequently Chadwick and

20  Morenberg's further false testimony at the preliminary hearing of the criminal case.

21      54.   The acts of Defendants were willful, wanton, malicious, and oppressive in that

22  Chadwick and Morenberg knew Collins had committed no crime but Chadwick was motivated by

23  hatred and ill will towards Collins, due to Chadwick having to spend significant amounts of money

24  to defend against the consumer claim by Collins over the truck, and because shortly before the false

25  allegations were made, a new attorney for Collins had sent Chadwick a letter asserting that the sale

26  of the truck was fraudulent and demanding that Chadwick allow Collins to return the truck for

27  refund.  Morenberg agreed to assist Chadwick with bringing false charges against Collins.  These

28  acts therefore justify the awarding of punitive damages.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND MALICIOUS PROSECUTION

**SECOND CAUSE OF ACTION**

(Malicious Prosecution against Defendants Scott Chadwick and Does 1-30)

55.     Collins realleges paragraphs 1-44 and incorporates them herein as if set forth in full.

56.     Chadwick and Does 1-30 acted without probable cause in initiation the prosecution of Collins in that they did not honestly, reasonably, or in good faith believe Collins to be guilt of the crimes charged, because Chadwick had actual knowledge that Collins did not commit such crimes or had no knowledge that Collins did commit them.

57.     Chadwick and Does 1-30 acted maliciously in instigating the criminal prosecution in that there was an improper motive or purpose, to deprive Collins of his truck (the essential evidence in his civil case against Chadwick), to cause the issuance of a warrant that would scare Collins, cause him to abandon his lawsuit against Chadwick, or cause him to leave California without taking further action against Chadwick; Chadwick and Does 1-30 also did so out of a desire to annoy and wrong Collins as retaliation for Collins asserting his rights as a consumer against Chadwick.

58.     Collins was harmed by the acts of Chadwick and Does 1-30 as described herein, including that he suffered severe emotional distress, physical symptoms caused by the emotional distress, loss of the freedom, impairment of his ability to prosecute a civil lawsuit, and anxiety caused by being charged with felonies that he did not commit.

59.     Collins was further harmed by the acts of Chadwick and Does 1-30 as described herein because he was imprisoned overnight, had to pay to post bail, had to obtain legal counsel to successfully defend him against the false charges, had to pay other expenses of the defense such as investigation, had to remain in California while the charges were pending rather than return to his home in Alabama, and incurred medical bills for the impact of the emotional distress, among other damages.

60.     The acts of Chadwick and Does 1-30 were willful, wanton, malicious, and oppressive in that Chadwick knew Collins had committed no crime but was motivated by hatred and ill will towards Collins, due to Chadwick having to spend significant amounts of money to defend against the consumer claim by Collins over the truck, and because shortly before the false

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND MALICIOUS PROSECUTION

1  allegations were made, a new attorney for Collins had sent Chadwick a letter asserting that the sale

2  of the truck was fraudulent and demanding that Chadwick allow Collins to return the truck for

3  refund.  These acts therefore justify the awarding of punitive damages.

4

5            Wherefore, Plaintiff hereby demands the following:

6                              **ALL CAUSES OF ACTION**

7            1.       For economic damages, according to proof, but not less than $4,105;

8            2.       For medical expenses, past and future, according to proof, but not less than $6,000;

9            3.       For attorney fees defending the criminal charges, according to proof, but not less

10  than $55,636.45;

11           4.       For the fees paid for posting bail, according to proof, but not less than $6,009.00

12           5.       For costs of investigation to refute the false charges, according to proof, but not less

13  than $2,525.20

14           6.       For rent paid while awaiting trial in California, according to proof, but not less than

15  $10,162.08;

16           7.       For non-economic damages, according to proof;

17           8.       For incidental damages, according to proof;

18           9.       For consequential damages, according to proof;

19           10.      For prejudgment interest at the legal rate;

20           11.      For punitive or exemplary damages, in an amount appropriate to punish or set an

21  example of Defendants (except for City of Colton which is immune from such damages); and

22           12.      For such other and further relief as this Court may deem just and proper.

23

24  DATED:        October 3, 2015                           **LAW OFFICES OF RENÉ KORPER**

25

26

27                                       By: _____
                                              René Korper
28                                            Thomas E. H. Solmer
                                              Attorneys for Plaintiff
                                              RONALD J. COLLINS

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

RONALD J. COLLINS

CASE NO.: CIVDS1514891

vs.

**CERTIFICATE OF ASSIGNMENT**

CITY OF COLTON, CALIFORNIA, et al.

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the
San Bernardino Civil _____ District of the Superior Court under Rule 404 of this court for the checked reason:

☐ General                    ☐ Collection

| | **Nature of Action** | **Ground** |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district. |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within the district or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☒ | 20. Other _____ | Malicious prosecution and violation of civil rights |
| ☒ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

Defendants are the City of Colton and two residents of San Bernardino County     650 N La Cadena Dr.
NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR          ADDRESS

Colton                                    California          92324
CITY                                      STATE              ZIP CODE

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed
on October 5, 2015 _____ at Valencia _____, California

_____
Signature of Attorney/Party

### CERTIFICATE OF ASSIGNMENT

13-16503-360, Rev 06-2014



SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO


San Bernardino District - Civil
247 West Third Street

San Bernardino, CA. 924150210
-------------------------------------------------------------------------
-------------------------------------------------------------------------
                                        CASE NO: CIVDS1514891
  LAW OFFICE OF RENE KORPER
  27240 TURNBERRY LANE SUITE 200
  VALENCIA CA 91355
                              NOTICE OF TRIAL SETTING CONFERENCE
                               and NOTICE OF CASE ASSIGNMENT

IN RE: RONALD J COLLINS -V- CITY OF COLTON, ET AL

THIS CASE HAS BEEN ASSIGNED TO: DAVID   COHN IN DEPARTMENT S37
FOR ALL PURPOSES.

Notice is hereby given that the above-entitled case has been set for
Trial Setting Conference at the court located at  247 WEST THIRD STREET
SAN BERNARDINO, CA  92415-0210.

       HEARING DATE: 04/05/16 at  8:30 in Dept. S37


DATE: 10/08/15  Christina M. Volkers, Clerk of the Court
                              By: JESSICA JOANIS
-------------------------------------------------------------------------
-------------------------------------------------------------------------
            CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San
Bernardino at the above listed address. I am not a party to this
action and on the date and place shown below, I served a copy of the
above listed notice:
( ) Enclosed in a sealed envelope mailed to the interested party
addressed above, for collection and mailing this date, following
standard Court practices.
( ) Enclosed in a sealed envelope, first class postage prepaid in the
U.S. mail at the location shown above, mailed to the interested party
and addressed as shown above, or as shown on the attached listing.
( ) A copy of this notice was given to the filing party at the counter
( ) A copy of this notice was placed in the bin located at this office
and identified as the location for the above law firm's collection of
file stamped documents.

Date of Mailing: 10/08/15
I declare under penalty of perjury that the foregoing is true and
correct. Executed on 10/08/15 at San Bernardino, CA

                              BY: JESSICA JOANIS

# EXHIBIT B

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** CITY OF COLTON, CALIFORNIA, a public entity;
*(AVISO AL DEMANDADO):* JACK MORENBERG, an individual; and SCOTT
CHADWICK, an individual *and DOES 1 through 30, inclusive*

RECEIVED
BY _____

NOV 0 5 2015

OFFICE OF THE
CITY CLERK

**YOU ARE BEING SUED BY PLAINTIFF:** RONALD J. COLLINS
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of San Bernardino
247 West Third Street
San Bernardino, California 92415-0210

CASE NUMBER:
*(Número del Caso):*
CIVDS1574891

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: THOMAS E. H. SOLMER
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
LAW OFFICES OF RENE KORPER
27240 Turnberry Lane, Suite 200, Valencia, CA 91355
(661) 362-0728

DATE: _____ Clerk, by JESSICA JOANIS , Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* City of Colton, California, a public entity

under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

☒ other *(specify):* Public Entity
4. ☒ by personal delivery on *(date):* 1-5-15

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

COPY

# EXHIBIT C

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** CITY OF COLTON, CALIFORNIA, a public entity;
*(AVISO AL DEMANDADO):* JACK MORENBERG, an individual; and SCOTT
CHADWICK, an individual *and DOES 1 through 30, inclusive*

RECEIVED
BY _____

**YOU ARE BEING SUED BY PLAINTIFF:** RONALD J. COLLINS
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

NOV 0 5 2015

OFFICE OF THE
CITY CLERK

OCT 0 8 2015

JESSICA JOANIS, DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of San Bernardino<br>247 West Third Street<br>San Bernardino, California 92415-0210 | CASE NUMBER:<br>*(Número del Caso):*<br>CIVDS1574891 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: THOMAS E. H. SOLMER
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
LAW OFFICES OF RENE KORPER
27240 Turnberry Lane, Suite 200, Valencia, CA 91355                    (661) 362-0728

DATE:                    Clerk, by     JESSICA JOANIS          , Deputy
*(Fecha)*          *(Secretario)*                              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 11-5-15

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

COPY